UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANIEL SIMS,

              Plaintiff,

-against-

JACK SHAPIRO; CINDY KATZ,

              Defendants.

24-CV-2383 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at Attica Correctional Facility, brings this action, *pro se*, alleging "perjury resulting in Plaintiff's incarceration & loss of property."[1] (ECF No 1 at 2.) By order dated July 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff was in the custody of the New York City Department of Correction when he filed this action *pro se* on March 26, 2024.[3] Because Plaintiff submitted this action with a prisoner authorization but without a completed request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, by order dated March 29, 2024, the Court directed Plaintiff to pay the filing fees or submit a completed and signed IFP application. (ECF No. 4.) A subsequent name search revealed that an individual named Nathaniel Sims is barred by this court from filing any new action IFP without first obtaining permission from the court. *See Sims v. Optimum TV*, ECF 1:22-CV-3750, 5 (S.D.N.Y. July 29, 2022). Therefore, by order dated April 3, 2024, the Court vacated its March 29, 2024 order directing Plaintiff to pay the filing fees or submit a completed and signed IFP application and dismissed the action without prejudice for Plaintiff's failure to comply with the July 29, 2022 order in *Sims*, ECF 1:22-CV-3750, 5. (ECF No. 5.) A civil judgment dismissing the action was entered on the court's docket on April 4, 2024. (ECF No. 6.)

In response to the Court's April 3, 2024 order, Plaintiff filed a letter dated April 11, 2024 (ECF No. 7), indicating that he is not the same Nathaniel Sims barred by this court. Plaintiff asserted that he did not file an action against Optimum TV, and that he has never resided in New Rochelle, New York, and he therefore requested reversal of the Court's April 3, 2024 order. The Court thereafter reviewed and compared the filings in *Sims*, ECF 1:22-CV-3750, 5 with the filings in this case, and determined that the handwriting in each of the cases is markedly different and likely not written by the same person. By order dated June 5, 2024, the Court granted

---

[3] Plaintiff is now incarcerated at Attica Correctional Facility. *See* https://nysdoccslookup.doccs.ny.gov/[https://perma.cc/REH2-G6N6].

Plaintiff's request for reconsideration, vacated its April 3, 2024 order of dismissal and civil judgment, and directed the Clerk of Court to reopen this case. (ECF No. 8.)

In his complaint, Plaintiff alleges that

> On 4-11-23 I approached Defendant Jack Shapiro and had a verbal confrontation with him due to a sexual inuendo he made in passing to the woman I was with. This incident is on video (no audio). My sole intention was to "scare" him for his indiscretion. After verbally admonishing him I made him get on the train instead of going back by the woman I was with. Being that I was not getting on the same train as Jack Shapiro and the woman I was with, I feared that if I allowed her to travel alone on the train with Jack Shapiro, she'd be in harms way due to the way I spoke to him about this woman. So I made him leave first, then made sure she boarded the next train unmolested.

(ECF No. 1 at 4.)

He alleges further that

> On 4-19-23 upon entering the office of Mr. Travis Duke (Parole Officer), I was arrested and taken into custody for allegedly "robbing" Mr. Jack Shapiro on 4-11-23 on the train station at 33rd Street in New York City.

(*Id.*) Plaintiff asserts that Defendant Shapiro "committed perjury to have me arrested and subsequently I was found guilty because of his lies." (*Id.* at 4-5.) Plaintiff also asserts that Defendant Cindy Katz, who is Defendant Shapiro's mother,

> testified as well alluding that her son was telling the truth, and could not be fabricating this, thus aiding her son Jack Shapiro's statement to help get me convicted of a crime I never committed.

(*Id.* at 5.)

Plaintiff asserts that, since his arrest, he has been "physically assaulted by unknown inmates on Rikers Island," and that he suffered "grave emotional distress" because he lost his mother's ashes because they were thrown away when his apartment was taken away from him. He seeks $10 million.

## DISCUSSION

**A.   Witness Immunity**

Because Plaintiff alleges that Defendants violated his constitutional rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Even if the Court were to assume that Defendants are state actors who are subject to liability under Section 1983,[4] Plaintiff fails to state a claim for relief. Because Plaintiff alleges that Defendant Shapiro committed perjury so that Plaintiff would be arrested, it appears that he seeks to bring a claim against him arising from his testimony. Witnesses are absolutely immune from liability under Section 1983 for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) (when the "only avenue by which the [fabricated evidence can] reach the jury [is] through [a witness's] testimony," claims of fabricated evidence are precluded by witness immunity). The Court therefore dismisses these claims under the doctrine of witness immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[4] Private parties are not generally liable under federal law. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

B.     *Habeas Corpus* Relief

To the extent that Plaintiff seeks to challenge the validity of his conviction, Section 1983 is not the proper vehicle for doing so. Plaintiff can only obtain such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)).

The Court declines to construe this Section 1983 complaint as a *habeas corpus* petition because the complaint does not suggest that Plaintiff has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[5] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by challenging his conviction in a civil action. *Preiser*, 411 U.S. at 489-90.

Should Plaintiff wish to challenge his conviction, he may file a petition for a writ of *habeas corpus*, after all available state remedies have been exhausted. Because Plaintiff was convicted in New York County, any *habeas corpus* petition Plaintiff wishes to file should be filed in this District. *See* 28 U.S.C. § 112(b).

---

[5] Plaintiff should note that, under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a Section 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

**C.     State-Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims for loss or destruction of property that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

Should Plaintiff wish to assert claims regarding alleged violations of his constitutional rights while he was detained at Rikers Island, he may file a new action to address those claims. Any new action that Plaintiff files must be accompanied by the $405.00 filing fee or a request to proceed IFP and a prisoner authorization.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: September 9, 2024
       New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge